[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The 51 year old plaintiff husband has brought this action seeking to dissolve the marriage to the 49 year old wife held at Watertown, Connecticut on June 9, 1961 on the ground of irretrievable breakdown. The parties have two adult children. The plaintiff has been employed by Pratt Whitney Aircraft for many years where he has a vested pension which will pay him $720 monthly at 55 years of age. He also has a 401K plan valued at $20,597, a collection of juke boxes, a pinball machine and a record collection he values at $10,000. The last asset of value is a jointly owned house with two mortgages.
The plaintiff testified that he has had nothing in common with defendant for many years. The marriage breakdown was complete after plaintiff redirected his attention and affection towards a neighbor, Mrs. Caruso. Despite plaintiff's protestations, the court finds plaintiff's dalliance with his neighbor, with whom he is now living, to be the primary cause of the marriage breakdown.
The defendant was born with a dislocated hip which was corrected by surgery but now arthritis has set in. She attempted suicide when plaintiff brought this action and had been dependant upon him throughout the marriage. Presently, she has been working in an office as a clerical. Her employment skills are minimal.
The plaintiff earns $812 weekly gross and $614 net as an electronic technician. The defendant earns $120 weekly gross and $96 net. The court finds the fair market value of the home to be $130,000 and the net equity to be $108,650 after the two mortgages totaling $21,350 are deducted.
Although the court found the conduct of the plaintiff to be the primary cause of the marriage breakdown, the other statutory factors are also being considered by the court in shaping the financial orders.
A decree is entered dissolving the parties' marriage on the ground of irretrievable breakdown. The following financial orders are entered as part of the decree:
1. The plaintiff shall pay to the defendant the sum of $250 weekly as periodic alimony until the remarriage of the defendant or death of either party. This order shall be secured by a wage CT Page 6573 withholding per 52-362 Connecticut General Statutes.
2. The plaintiff's interest in the real estate known as 21 Birch Street, Watertown, Connecticut is awarded to the defendant. The defendant shall have prepared and shall execute a deed conveying his interest, subject to the first and second mortgages and current taxes. The plaintiff shall bring the mortgage installments to a current status and the transfer shall be completed within four (4) weeks of the date of this judgment.
3. The defendant is awarded the contents of the home except for (a) the items the plaintiff has already removed; (b) three (3) juke boxes and, (c) a 1940 Packard automobile. If the plaintiff has not removed said items within 60 days, the defendant is authorized to consign the items to an auction house for sale and the net proceeds shall be equally divided between the parties.
4. The 1989 Mazda Model 626 motor vehicle is assigned to the defendant. The loan balance of approximately $4,000 shall be paid by the plaintiff.
5. The plaintiff shall retain the 1985 Buick.
6. The plaintiff shall pay to the defendant the sum of $5,000 as an allowance for legal expenses in defending this action, payable within 90 days of the date of this judgment.
7. The plaintiff shall pay the Visa debt and the Sears debt, and he shall save the defendant harmless from any creditor claims.
8. The plaintiff shall retain his pension rights and his 401K account.
9. The plaintiff shall maintain the defendant as beneficiary on the life insurance furnished by his employer so long as such coverage remains available and so long as the periodic alimony remains payable to the defendant.
Counsel for the plaintiff is ordered to prepare the judgment file.
HARRIGAN, J.